## AUTOMATIC RECORDING SAFE CO. v. BURNS CO.

(Circuit Court of Appeals, Second Circuit. February 15, 1916. On Rehearing,
March 31, 1916.)

### No. 210.

1. PATENTS ☞328—VALIDITY AND INFRINGEMENT—SAVINGS BANK.
   The Fisher patent, No. 793,779, for a portable savings bank, discloses
   patentable novelty and invention, and is valid. Claims 1, 5, 6, 7, and 8
   also *held* infringed, and claims 2, 3, and 4 not infringed.

2. PATENTS ☞170—CONSTRUCTION OF CLAIMS.
   A construction which would make two verbally different claims in a
   patent identical is not to be followed, when there is nothing in the prior
   art which constrains to any such construction.
   [Ed. Note.—For other cases, see Patents, Cent. Dig. § 245; Dec. Dig.
   ☞170.]

Appeal from the District Court of the United States for the Southern
District of New York.

Suit in equity by the Automatic Recording Safe Company against
the Burns Company. From the decree (224 Fed. 513), complainant
appeals. Modified and affirmed.

This cause comes here upon appeal from a decree of the District
Court, Southern District of New York. Several patents were involved,
but the only questions argued before us are concerned with the patent
to Charles Fisher, No. 793,779, issued July 4, 1905, for a savings bank.
The District Court found validity in all the claims of this patent, and
that claims 6, 7, and 8 were infringed. Complainant has appealed from
so much of the decree as holds that claims 1 to 5, inclusive, are not
infringed. Defendant has not appealed. The opinion of Judge San-
born will be found in 224 Fed. 513.

Dyrenforth, Lee, Chritton & Wiles, of Chicago, Ill. (John H. Lee
and P. C. Dyrenforth, both of Chicago, Ill., and Hillary C. Messimer,
of New York City, of counsel), for appellant.

Before LACOMBE, COXE, and ROGERS, Circuit Judges.

LACOMBE, Circuit Judge. The patents all relate to what are
known as portable savings banks. Such a bank consists of a case to
hold the coins which are to be placed in it, and an outer case to be
slipped over the coin container. The two cases are locked together
and the coins slipped in through slits in the outer case. When the
bank is full, the cases may be unlocked and the coins removed. Orig-
inally the coin case was a single compartment, in which coins of
various denominations were mingled together. Thereafter the coin
container was provided with a series of tubes or compartments, so
arranged that coins of one denomination are separated from those of
another denomination. With banks thus constructed the container had
to be turned upside down in order to remove the coins from their

several containers; the result was that they would frequently become commingled when discharged and had to be sorted before counting.

*Fig 9.*

This patent, 793,779, undertook to remedy that defect, so that, when the outer case was removed, the coins in the several compartments could be readily counted. The devices to accomplish this were held to involve patentable novelty, and we see no reason to dissent from that conclusion. The following drawing will sufficiently indicate the arrangement of the coin containers. When the outer case or cover is slipped over the coin case its interior combines with the flanges *A1, A2, A3,* etc., to form separate compartments for coins of different denominations.

It is apparent that, when the outer cover is removed, the coins may be counted, and the separate piles be separately removed, either by drawing each pile out, or by lifting it up. Defendant's device, or rather its coin-containing part, is shown below:

*Fig. 3.* LOCK-SLOT BILLS CORE

The five claims which complainant contends are infringed as well as Nos. 6, 7, and 8, read as follows:

"1. In a portable savings bank, a core comprising a plurality of rigid vertical flanges spaced apart to form compartments to receive coins, the distance between the flanges of each compartment being greater than the diameter of the coins to be received by such compartment, the adjacent flanges being united at corresponding ends by walls adapted to partially surround the coins.

"2. In a portable savings bank, a core comprising a base, a plurality of rigid radially projecting flanges spaced apart to form compartments to receive coins, the distance between the outer edges of the radial flanges at each side of each compartment being greater than the diameter of the coins to be received by such compartment.

"3. In a portable savings bank, a core comprising a horizontal base, a plurality of rigid vertical radially projecting flanges spaced different distances apart to form compartments to receive coins of different denominations, the distance between the outer edges of the radial flanges at each side of each compartment being greater than the diameter of the coins to be received by such compartment.

"4. In a portable savings bank, a core comprising a circular horizontal base and a plurality of rigid vertical radially projecting flanges spaced different distances apart to form compartments to receive coins of different denominations, the inner edges of adjacent flanges being united by curved walls conforming to the peripheries of the coins, and the outer edges of adjacent flanges being spaced apart a distance greater than the diameters of the coins to be received by the compartment between such flanges.

"5. In a savings bank, the combination with a base, of a plurality of rigid vertical flanges supported above the base and spaced apart to form compartments for the coins, the distance between the flanges of each compartment being greater than the diameter of the coins to be received by such compartment, a cover comprising a surrounding side wall and top wall united thereto, said cover adapted to inclose the base and the flanges thereon, and means for detachably securing said cover to the base."

The patent being a meritorious one, infringement should not be avoided merely by modifying a Chinese copy by so curving the flanges which separate the piles of coins that the distance between their outer edges is less than the diameter of the coin—unless such limitation of the claim clearly appears.    Such limitation does appear in claims 2, 3, and 4; which expressly provide that the "distance between the outer edges of the radial flanges" shall be greater than the diameter of the coin.    But in claims 1 and 5 the limitation is different; there are a plurality of "radial vertical flanges," "spaced apart to form compartments to receive coins," concededly defendant has these.    If the definition of the element stopped there the claim would cover coin receptacles in which the coins might enter but would not lie flat—standing on edge with part of the coin projecting beyond the flanges.    But the patentee contemplated having the coins lie flat; therefore he provided that "the distance between the flanges of each compartment should be greater than the diameter of the coins to be received by such compartment."    This qualification would cover a compartment in which so much was cut away that the stack of coins could be pulled out through the opening between the flanges, and also a compartment in which the cut away portion (or opening between the flanges) would not allow this to be done and therefore the stack of coins would have to be lifted up.

[2] It seems to us entirely clear that claim 5 has no words which can be construed to restrict the distance between the outer edges of the flanges to less than the diameter of the coins.    Certainly in common speech the phrases "between the flanges" and "between the outer edges of the flanges" do not mean the same thing.    And since the first phrase is used in some claims and the second phrase in other claims it would seem that the patentee appreciated the distinction.    To give both phrases the same meaning would make two verbally different claims identical, which is a construction not to be followed when there is nothing in the prior art which constrains to any such construction.

Claim 1 concludes with the words "the adjacent flanges being united at corresponding ends by walls adapted to partially surround the coins." The rear ends of two adjacent flanges are "corresponding"; so are their front ends.    But this concluding phrase cannot possibly refer to the front ends, because, if they were united, the coins would be wholly, not partially, surrounded, and could not be removed at all without dumping.

We are satisfied that claims 1 and 5 are infringed, and to that extent the decree of the District Court is modified, with costs to appellant.    In all other respects the decree is affirmed.

## On Rehearing.

PER CURIAM. The opinion makes perfectly clear what was and what was not decided by this court and a rehearing as to these questions is denied. Regarding the other claims referred to in the petition as to which the defendant has not appeared, we see no reason why a pro forma judgment of reversal should not be entered.